**AMERICAN TRANS–OCEAN NAVIGA-TION CORPORATION, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 54, Docket 23468.**

United States Court of Appeals Second Circuit.

Argued Dec. 7, 1955.

Decided Jan. 24, 1956.

Murray M. Weinstein, New York City, for petitioner.

L. W. Post, Atty., Dept. of Justice, Washington, D. C. (H. Brian Holland, Asst. Atty Gen., Ellis N. Slack, Atty., Dept. of Justice, Washington, D. C., and Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before SWAN, FRANK and LUM-BARD, Circuit Judges.

LUMBARD, Circuit Judge.

This is an appeal by the taxpayer from a decision of the Tax Court on stipulated facts 13 T.C.M. 839 (1954). The taxpayer is a New York corporation. In 1948 it organized a subsidiary, Amtron Tanker Corporation, for the purpose of acquiring a tanker from the United States Maritime Commission. The subsidiary was organized because the Commission said that a direct purchase by the taxpayer might violate the Commission's regulations. The subsidiary purchased the tanker in 1948 and has engaged only in the business of operating that tanker. For 1948 and 1949 the taxpayer and Amtron filed consolidated returns. For 1949 there was a consolidated loss of $104,611.92, all of which was attributable to Amtron. The taxpayer was allowed a carry-back for 1948. The question here is whether the net loss can be carried back to 1947 as well. The taxpayer filed a separate return for 1947; it could not, of course, have filed a consolidated return since its subsidiary was not yet in existence. The Tax Court decided that it was not entitled to a carry-back, relying on its decision in Trinco Industries, Inc., 1954, 22 T.C. 959.

Section 141(b) of the Internal Revenue Code of 1939, 26 U.S.C.A., which is applicable here, provides that the Commissioner may prescribe regulations with respect to consolidated returns, and § 141(a) provides that the privilege of making a consolidated return shall be upon the condition that all the members of the affiliated group consent to all the regulations prescribed under § 141(b). It further provides that "the making of a consolidated return shall be considered as such consent." We are of the opinion that the applicable regulations dispose of the question presented in this case.

Section 23.31(d) (7) of Treasury Regulations 104 provides: "If an affiliated group filing a consolidated return for a taxable year beginning after December 31, 1941, sustains a consolidated net operating loss * * * and if there are included as members of such group one or more corporations which made separate returns * * * in a preceding taxable year * * * the portion of such consolidated net operating loss attributable to such corporations severally shall be determined * * *"

Section 23.31(f) further provides: " * * * such portion of such consolidated net operating loss as is attributable to the several corporations making separate returns * * * for a preceding taxable year shall be used by such corporations severally as * * * carry-backs, in such separate returns * * *."

These regulations plainly establish a scheme whereby only the part of a consolidated net loss which is attributable to a particular corporation can be used by that corporation as a carry-back to a year in which it filed a separate return. Since the taxpayer consented to these regulations it is bound by them now. Charles Ilfeld Co. v. Hernandez, 1934, 292 U.S. 62, 65, 54 S.Ct. 596, 78 L.Ed 1127. There has been no contention that this regulation is invalid nor is it inconsistent with anything in the governing statute. It is clearly within the Commissoner's wide power to prescribe regulations under § 141, S. Slater & Sons, Inc., v. White, 1 Cir., 1941, 119 F.2d 839. Since none of the 1949 loss was attributable to this taxpayer's operations, it is not entitled to carry the loss back to 1947.

Our decision in Stanton Brewery, Inc., v. Commissioner, 2 Cir., 1949, 176 F.2d 573, relied on by the taxpayer, is inapposite. That case involved the question whether a corporation which resulted from a merger was entitled to carry over the unused excess profits credit of one of its components. We did not deal there with any question relating to consolidated returns or to the regulations which apply to the corporate groups which file such returns.

The decision of the Tax Court is affirmed.