NIBUR BUILDING CORPORATION, and
its wholly owned subsidiary, Ralston
Steel Corporation, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 18752.

United States Court of Appeals,
Seventh Circuit.

June 11, 1971.

Max A. Reinstein, Chicago, Ill., for appellants.

Johnnie M. Walters, Asst. Atty. Gen., Richard Farber, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Meyer Rothwacks, Bennet N. Hollander, Attys., for appellee.

Before KILEY, STEVENS and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

This is an appeal from a decision of the Tax Court finding deficiencies in taxpayers' federal income tax for the taxable years 1959 and 1960 in the amounts of $8,968.60 and $30,337.69 respectively. The question turns upon the interpretation of applicable carryback provisions of the consolidated return regulations.

Taxpayers are Nibur Building Corporation ("Nibur") and its wholly owned subsidiary Ralston Steel Corporation ("Ralston No. 2"). Prior to March 7, 1961, Nibur was known as Ralston Steel Corporation ("Ralston No. 1"). On March 7, 1961, its name was changed to Nibur Building Corporation. On that same date Ralston No. 2 was organized and received from Ralston No. 1 certain assets in exchange for 3,000 shares of stock of Ralston No. 2. Nibur, formerly Ralston No. 1, thereby became the parent company, owning 100 per cent of the outstanding stock of Ralston No. 2.

Prior to March 7, 1961, Ralston No. 1 was engaged in the business of purchasing and selling steel and owned the building in which the business was operated. The assets which Ralston No. 1 transferred to Ralston No. 2 included office furniture and fixtures, automobiles, warehouse equipment, and assets required to engage in the purchase and sale of steel. After March 7, 1961, Nibur continued to own the building and building equipment.

For taxable years 1959 and 1960, Ralston No. 1 filed separate federal corporate income tax returns, showing substantial taxable income and tax reported.

For taxable years 1961 and 1962, Nibur and its subsidiary, Ralston No. 2, filed consolidated federal corporate income tax returns which reported consolidated net operating losses of $100,678.59 in 1961 and $98,145.94 in 1962.

In applications for tentative carryback adjustment, Nibur claimed these consolidated losses as carryback deductions against Ralston No. 1's taxable income for 1959 and 1960. Overpayments of income tax for 1959 and 1960 were tentatively allowed and paid to Nibur.

The Commissioner of Internal Revenue in his statutory notice of deficiency allowed deductions from Ralston No. 1's 1959 and 1960 income only in the amount representing Nibur's portion of the 1962 consolidated loss. He did not allow the Ralston No. 2 portion of the 1962 loss to be carried back to 1959 and 1960.

The sole issue presented is whether the portion of a consolidated net operating loss attributable to a subsidiary can be carried back to offset the income of the parent corporation in a separate return year prior to incorporation of the subsidiary.

The Tax Court interpreted the applicable regulations as preventing a carryback attributable to the newly-formed corporation. The carryback deductions disallowed by the Tax Court in the present case for the years 1959 and 1960 would be expressly permissible under the regulations applicable to taxable years commencing after December 31, 1965. Rev.Rul. 69–623, 1969–2 Cum.Bull. 171.[1]

The Commissioner has correctly pointed out that the taxpayers, by electing to file consolidated returns, have necessarily consented to all regulations in effect prior to the last day prescribed by law for filing returns. 26 U.S.C. § 1501. Section 1502 authorizes the Secretary of the Treasury or his delegate to prescribe consolidated return regulations. 26 U.S.C. § 1502.

The taxpayers rely upon sections 1.-1502–31(A) (a) (2), (a) (4) and (a) (5) [2] of the prescribed regulations to sustain the carryover privilege; the Commissioner relies upon sections 1.-1502–31(A) (b) (6) and (d) [3] to pre-

---

[1]. Section 1.1502–79 of the Income Tax Regulations applicable to taxable years beginning after December 31, 1965, provides in part (26 C.F.R.): " * * * the portion of a consolidated net operating loss attributable to a member shall not be apportioned to a prior separate return year for which such member was not in existence and shall be included in the consolidated net operating loss carrybacks to the equivalent consolidated return year of the group (or, if such equivalent year is a separate return year, then to such separate return year), provided that such member was a member of the group immediately after its organization."

[2]. Section 1.1502–31A(a) (2) defines the consolidated net operating loss deduction. Section 1.1502–31A(a) (4) provides in part: "(i) The consolidated net operating loss carrybacks to the taxable year with respect to net operating losses sustained in taxable years ending after December 31, 1957, shall consist of—(a) The amount of the consolidated net operating loss, if any, for the first succeeding taxable year (to the extent not attributable to a corporation making a separate return or joining in a consolidated return filed by another affiliated group for the taxable year) reduced to the extent absorbed as a carryback, consolidated or separate, as the case may be, for the first two preceding taxable years. * * * "
Section 1.1502–31A(a) (5) defines consolidated net operating loss.

[3]. Section 1.1502–31A(b) (6) provides in part: "If an affiliated group filing a consolidated return sustains a consolidated net operating loss for the taxable year within the provisions of section 172, relating to the net operating loss deduction, and if—(i) There are included as members of such group one or more corporations which made separate returns, or joined in a consolidated return filed by another affiliated group, either in a preceding taxable year or in a succeeding taxable year, * * * then the portion of such consolidated net operating loss attributable to such corporations severally shall be determined, such portion in the case of any such corporation being determined in an amount proportionate to the net losses (capital net losses and ordinary net losses alike) of the several affiliated corporations having net losses, to the extent that

vent the privilege in this instance. 26 C.F.R. § 1.1502–31.

Revenue Ruling 64–93, 1964–1 Cum. Bull. (Part 1) 325, construed the section 1.1502–31 regulations as applied to a situation where corporations X, Y and Z were formed in 1961 and filed a consolidated income tax return as an affiliated group for that year. In 1962, corporation M was organized by X. M immediately became a member of the affiliated group and joined in the filing of a consolidated return for that year. The ruling concluded that the 1962 loss attributable to M could be carried back to 1961, because M did not come into existence until 1962 and hence did not file a separate return or join in a consolidated return filed by another affiliated group for 1961 or any preceding taxable year.

In the present case, Ralston No. 2 came into existence on March 7, 1961, and immediately became a member of the affiliated group. Commencing on March 7, 1961, Nibur and Ralston No. 2 carried on the same business as that previously carried on by Ralston No. 1. The only distinction between this case and the situation in Revenue Ruling 64–93 is that there the loss was carried back to a year when a consolidated return was filed, whereas here the loss was carried back to years when separate returns were filed by a single corporation, Ralston No. 1.

██ A reading of the various provisions of regulations 1.1502–31 relied upon by the respective parties indicates a consistent purpose to allow carrybacks, except of losses attributable to a corporation which either filed a separate return in the carryback year or filed as a member of a different affiliated group for that year. Since Ralston No. 2 was not in existence during the carryback

years of 1959 and 1960, it did not and could not either file a separate return for those years or file as a member of another affiliated group. Ralston No. 2 therefore does not fall within the category of those corporations whose carryback privilege is prohibited or limited. The regulations do not expressly prohibit the carryback privilege where, as here, the same business was previously carried on by an entity which filed a separate return instead of by entities which filed a consolidated return, nor has the Commissioner suggested any public policy which would tend to persuade that such an inference should be drawn from the silence of the regulations. Cf. United States v. Northern Railroad, 334 F.2d 936 (1st Cir. 1964).

The order of the Tax Court is reversed.

Reversed.

---

such losses were taken into account in the computation of the consolidated net operating loss."

Section 1.1502–31A(d) provides in part: "The consolidated net operating loss of an affiliated group shall be used in computing the consolidated net operating loss deduction notwithstanding that one or more members of the group in

the taxable year in which such loss originates make separate returns (or join in a consolidated return made by another affiliated group) for a subsequent taxable year (or in the case of a carryback computation for a preceding taxable year), but only to the extent that such consolidated net operating loss is not attributable to such corporations."