ELECTRONIC SENSING PRODUCTS, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5112–76.    Filed November 22, 1977.

*Jules Silk,* for the petitioner.
*Howard W. Gordon,* for the respondent.

### OPINION

GOFFE, *Judge:* The Commissioner determined a deficiency of $429,327 in the Federal corporation income tax of petitioner for the taxable year ended October 31, 1972. This matter is before this Court on a joint motion for partial summary judgment pursuant to Rule 121 of the Court's Rules of Practice and Procedure. The motion raises one issue for decision, whether the net operating loss of Homecraft Products, Inc. (a wholly owned subsidiary of petitioner, referred to hereafter as Homecraft), for the taxable year ended October 31, 1973, in which it filed a consolidated return with petitioner, can be carried back by petitioner and offset against the income of petitioner for the taxable year ended October 31, 1972, a year in which petitioner and Homecraft filed separate returns, under sec. 1502,[1] I.R.C. 1954, and sec. 1.1502–79(a)(2), Income Tax Regs.

All of the facts have been stipulated and are incorporated by this reference. Petitioner is a corporation organized under the laws of Pennsylvania on November 17, 1967. Its principal place of business is Hatboro, Pa., and it is an active company engaged in the manufacture and sale of electronic equipment. During the taxable years in question, petitioner utilized a fiscal year ended October 31.

---

[1] All section references are to the Internal Revenue Code of 1954, as amended.

Homecraft Products, Inc., is a corporation organized on October 6, 1972, as a wholly owned subsidiary of petitioner. Homecraft has been a subsidiary of petitioner from the time of its inception to and including the taxable years in issue and has utilized a fiscal year ended October 31.

Homecraft Creative Decor Centers, Inc. (hereinafter referred to as Decor), is a corporation organized on February 15, 1973, by petitioner as a wholly owned subsidiary. It has been a subsidiary of petitioner from its inception. Decor has utilized a fiscal year ended October 31.

For the taxable years ended October 31, 1968, through the taxable year ended October 31, 1971, petitioner filed separate income tax returns and sustained net operating losses aggregating $284,117 which were carried forward to petitioner's taxable year ended October 31, 1972. Petitioner filed a separate return for the taxable year ended October 31, 1972, which reflected taxable income in the amount of $2,144,763, exclusive of net operating loss carryovers or carrybacks. Homecraft filed its initial return which was a separate return for the taxable year ended October 31, 1972, which reflected a net operating loss of $3,324.

Petitioner, together with its subsidiaries, Homecraft and Decor, filed a consolidated return for the taxable year ended October 31, 1973. The consolidated return reflected a net operating loss of $1,077,672. The loss attributable to each corporation was as follows: petitioner—net operating loss of $584,747; Homecraft—net operating loss of $451,456 ($3,324 for the taxable year ended October 31, 1972, and $448,132 for the taxable year ended October 31, 1973); Decor—net operating loss of $41,469. The income tax returns for the periods here involved were timely filed. Homecraft and Decor each filed a Form 1122[2] with the consolidated return for the taxable year ended October 31, 1973.

---

[2]Form 1122 provides as follows: "The subsidiary corporation named above hereby: (a) authorizes the common parent corporation named above to make a consolidated income tax return on its behalf for the taxable year for which this form is filed; and (b) authorizes the common parent corporation (or in the event of its failure, the Commissioner or the District Director of Internal Revenue) to make a consolidated income tax return on its behalf for each taxable year thereafter for which a consolidated return must be made by the affiliated group under the provisions of the consolidated return regulations. The subsidiary corporation, in consideration of the privilege of joining in the making of a consolidated return with the common parent corporation, hereby consents to and agrees to be bound by the provisions of the consolidated return regulations."

On February 1, 1974, petitioner filed Form 1139 (Corporation Application for Tentative Refund from Carryback of Net Operating Loss) wherein petitioner claimed as a deduction for its separate return year for the taxable year ended October 31, 1972, the net operating loss from the taxable year ended October 31, 1973. The claim was allowed and a refund of $696,131 was paid to petitioner.

The Commissioner, in his statutory notice of deficiency, allowed and disallowed the following deductions, resulting in a net deduction of $554,155:

| | | |
|---|---:|---:|
| R and D costs | $30,293 | |
| Professional fees | 1,000 | |
| Salaries | 13,816 | |
| Payroll taxes | 1,000 | |
| R and D costs | 17,397 | |
| R and D costs | (6,643) | |
| State income taxes | (20,802) | |
| State franchise taxes | 36,000 | $72,601 |
| Net operating loss for the taxable year ended 10/31/73 as corrected | (1,077,672) | |
| Net operating loss attributable to Homecraft | 451,456 | (626,216) |
| Agreed adjustments | | 554,155 |

As a result of the Form 1139 filed by petitioners, the Commissioner made two determinations: (1) That the consolidated net operating losses attributable to petitioner and Decor amounting to $584,747 and $41,469, respectively, or $626,216, are allowable as a net operating loss deduction in the taxable year ended October 31, 1972, a separate return year of petitioner; and (2) that $451,456 ($1,077,672 less $626,216) of the consolidated loss is attributable to Homecraft, which was in existence and filed a separate return for the period ended October 31, 1972, and is not allowable as a net operating loss carryback to the separate return year of petitioner ended October 31, 1972, under the provisions of section 1.1502–79(a)(2), Income Tax Regs.

The issue for our decision is whether section 1.1502–79 (a)(2), Income Tax Regs., allows petitioner to carry back and apply

against its separate return income for the taxable year ended October 31, 1972, the net operating loss of Homecraft for the taxable year ended October 31, 1973. Section 1.1502–79(a)(2), Income Tax Regs., provides:

(2) *Nonapportionment to certain members not in existence.* Notwithstanding subparagraph (1) of this paragraph, the portion of a consolidated net operating loss attributable to a member shall not be apportioned to a prior separate return year for which such member was not in existence and shall be included in the consolidated net operating loss carrybacks to the equivalent consolidated return year of the group (or, if such equivalent year is a separate return year, then to such separate return year), provided that such member was a member of the group immediately after its organization.

Petitioner argues that under the provisions of section 172(b) a net operating loss is carried back to the third prior taxable year of the taxpayer, and then if any of the loss remains, it is carried back to the second prior taxable year, and if any loss still remains, to the first prior taxable year. Petitioner concedes that the first prior taxable year of Homecraft ended October 31, 1972. Petitioner further argues that because Homecraft was not in existence for either the third prior taxable year or the second prior taxable year, its attributed net operating losses for the taxable year ended October 31, 1973, should be included in the consolidated net operating loss carrybacks of the equivalent consolidated return year of the group or, if such equivalent year is a separate return year, then to such separate return year (i.e., petitioner's separate return year ended October 31, 1972). Petitioner had net operating losses for the taxable years ended October 31, 1968, through the taxable year ended October 31, 1971. Because the net operating losses attributable to Homecraft cannot be utilized for petitioner's taxable year 1971 and prior years, petitioner argues that such losses should be utilized in its taxable year ended October 31, 1972.

Respondent takes the position that section 1.1502–79(a)(2), Income Tax Regs., does not apply to the facts in the instant case because Homecraft existed prior to its participation in the filing of the consolidated return for the taxable year ended October 31, 1973. Further, respondent argues that section 1.1502–79(a)(2), Income Tax Regs., does not apply because Homecraft filed a separate return for the taxable year ended October 31, 1972. For these reasons, respondent contends that the net operating loss attributable to Homecraft cannot be carried back to petitioner's

separate return for the taxable year ended October 31, 1972. We agree.

A brief history of court decisions and regulations will place section 1.1502–79(a), Income Tax Regs., in proper focus. Prior to the enactment of section 1.1502–79(a), Income Tax Regs., the Commissioner prescribed regulations which provided that if members of an affiliated group filing a consolidated return had filed separate returns in a preceding taxable year, the net operating loss attributable to such member was available for carry back only to the separate return of the member of the affiliated group.[3] In *Trinco Industries, Inc. v. Commissioner*, 22 T.C. 959 (1954), we held that a parent corporation may not carry back and apply against its income earned in an earlier year the loss sustained by one of its subsidiaries during a later year in which the parent and its subsidiaries joined in a consolidated return. Each corporation is a separate taxpayer whether it stands alone or is in an affiliated group and files a consolidated return. *National Carbide Corp. v. Commissioner*, 336 U.S. 422 (1949); *Interstate Transit Lines v. Commissioner*, 319 U.S. 590 (1943); *Woolford Realty Co. v. Rose*, 286 U.S. 319 (1932).

The Second Circuit adopted the rationale of *Trinco* by holding that the portion of the consolidated loss which was attributable to a subsidiary could not be carried back to a separate return year of the parent which year was prior to the creation of the subsidiary. *American Trans-Ocean Navigation Corp. v. Commissioner*, 229 F.2d 97 (2d Cir. 1956). In *Nibur Building Corp. v. Commissioner*, 54 T.C. 835 (1970), we followed *Trinco* and

---

[3]Sec. 1.1502–31A(b)(6), Income Tax Regs., provides in part: "If an affiliated group filing a consolidated return sustains a consolidated net operating loss for the taxable year within the provisions of section 172, relating to the net operating loss deduction, and if—

"(i) There are included as members of such group one or more corporations which made separate returns, or joined in a consolidated return filed by another affiliated group, either in a preceding taxable year or in a succeeding taxable year, * * *

\* \* \* \* \* \* \*

"then the portion of such consolidated net operating loss attributable to such corporations severally shall be determined, such portion in the case of any such corporation being determined in an amount proportionate to the net losses (capital net losses and ordinary net losses alike) of the several affiliated corporations having net losses, to the extent that such losses were taken into account in the computation of the consolidated net operating loss."

Sec. 1.1502–31A(d) provides in part: "The consolidated net operating loss of an affiliated group shall be used in computing the consolidated net operating loss deduction notwithstanding that one or more members of the group in the taxable year in which such loss originates make separate returns (or join in a consolidated return made by another affiliated group) for a subsequent taxable year (or in the case of a carryback computation for a preceding taxable year), but only to the extent that such consolidated net operating loss is not attributable to such corporations." * * *

*American Trans-Ocean,* but were reversed by the Seventh Circuit at 444 F.2d 1020 (7th Cir. 1971). In *Nibur,* the Seventh Circuit relied on Rev. Rul. 64–93, 1964–1 C.B. (Part 1) 325, which construed section 1.1502–31, Income Tax Regs. The facts presented in the revenue ruling involved the formation of X, Y, and Z in 1961. A consolidated return was filed by X, Y, and Z in 1961. In 1962, M was organized by X and immediately became a member of the affiliated group for 1962. The ruling held that the loss attributable to M for 1962 could be carried back to 1961 because M was nonexistent until 1962 and hence could not file a separate return or join in a consolidated return filed by another affiliated group for 1961 or any preceding year. The court noted that the facts before them involved a carryback to a separate return year rather than a consolidated return year as stated in the revenue ruling. This distinction was the only difference between the two fact situations. In applying the result of the revenue ruling to the facts before them the court stated:

> A reading of the various provisions of regulations 1.1502–31 relied upon by the respective parties indicates a consistent purpose to allow carrybacks, *except of losses attributable to a corporation which either filed a separate return in the carryback year* or filed as a member of a different affiliated group for that year. * * * [444 F.2d at 1022. Emphasis added.]

The court went on to state that carryback deductions disallowed for the years 1959 and 1960 would be expressly permissible under the regulations applicable to tax years commencing after December 31, 1965.[4]

Section 1.1502–79(a)(2), Income Tax Regs., would allow the taxpayer in *Nibur* to carry back consolidated losses attributable to the subsidiary to the separate return year of the parent, the reason being that the subsidiary was not in existence in the prior separate return year. However, the facts in the instant case are clearly distinguishable from those in *Nibur* and Rev. Rul. 64–93, *supra.* Homecraft was in existence in the prior taxable year for the period from its incorporation (October 6, 1972) to October 31, 1972, and filed a separate return for such period. Homecraft cannot, therefore, come within the exception of section 1.1502–79(a)(2), Income Tax Regs.[5] Section 1.1502–79(a)(1), Income Tax Regs., provides that the consolidated net operating loss attribut-

---

[4] Citing sec. 1.1502–79(a)(2), Income Tax Regs.

[5] See sec. 1.1502–79(a)(4), example ( *1* ), Income Tax Regs.

able to a particular corporation which is a member of the affiliated group can be carried back only to the separate return year of that particular member; i.e., Homecraft.

Accordingly, we hold that petitioner does not come within the exception of section 1.1502–79(a)(2), Income Tax Regs., and, therefore, the portion of the consolidated net operating loss attributable to Homecraft for the taxable year ended October 31, 1973 ($448,132), cannot be carried back and applied against the separate return income of petitioner for its taxable year ended October 31, 1972.

*An appropriate order will be entered.*