GROVE EQUITY INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grove Equity v. Commissioner
Docket No. 3761-92
United States Tax Court
T.C. Memo 1994-102; 1994 Tax Ct. Memo LEXIS 102; 67 T.C.M. (CCH) 2381; March 14, 1994, Filed *102 Decision will be entered for respondent. For petitioner: Herman J. Soloway. For respondent: Joseph F. Long. TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 1,493,182 in petitioner's Federal income tax for the taxable year 1981. The issue before us is whether the portion of a 1984 consolidated net operating loss (NOL) attributable to petitioner's wholly owned subsidiary, Grove Overseas Corporation (Overseas), may be carried back to petitioner's 1981 year with respect to which petitioner filed a separate return. All of the facts were stipulated and are so found. The stipulation and exhibits attached thereto are incorporated herein by this reference. Petitioner had its principal place of business in Greenwich, Connecticut, at the time it filed the petition herein. Petitioner filed its 1981 return with the Internal Revenue Service Center, Memphis, Tennessee. From 1982 through 1988, petitioner and Overseas filed consolidated returns. Overseas was incorporated in 1950. In December 1981, petitioner acquired all of the stock of Overseas for $ 15,000. At that time, Overseas was dormant. As of January 1, 1982, petitioner transferred *103 all of its operating assets and liabilities to Overseas. An additional 100 shares of Overseas were issued to petitioner on January 14, 1982, for $ 50,000. For 1984, the consolidated return of petitioner and Overseas reported a net operating loss of $ 3,252,900, all but $ 10,686 of which was attributable to Overseas. The issue before us is whether petitioner can carry back the portion of the 1984 consolidated net operating loss attributable to Overseas to its preconsolidated 1981 tax year. Petitioner argues that the transactions involved herein constituted a reorganization under either section 368(a)(1)(C) [1] (acquisition of substantially all of petitioner's assets in exchange for the stock of Overseas) or section 368(a)(1)(F) (Overseas constituted a mere change in identity or form of petitioner) and that Overseas' 1984 loss may thus be carried back under section 381. Respondent counters with the argument that the transactions in question do not constitute a (C) or (F) reorganization and section 381 therefore is inapplicable. Respondent further argues that, in any event, the amount of the 1984 consolidated NOL attributable to Overseas may not be carried back to petitioner's 1981 *104 separate return year because Overseas was in existence in 1981 and did not become a member of the affiliated group immediately after its organization as specifically required by section 1.1502-79(a)(2), Income Tax Regs.[2] For the reasons hereinafter set forth, we hold for respondent. *105 We first direct our attention to the manner in which section 381 relates to the consolidated return provisions (section 1501 et seq.) and the regulations thereunder. It has long been established that, by filing a consolidated return, the members of the consolidated return group consent to the consolidated return regulations and that, short of an attack on their validity, they are bound by those regulations. Wolter Construction Co. v. Commissioner, 634 F.2d 1029, 1031 n.1 (6th Cir. 1980), affg. 68 T.C. 39 (1977); Craigie Inc. v. Commissioner, 84 T.C. 466, 471 (1985); First Natl. Bank in Little Rock v. Commissioner, 83 T.C. 202, 217 (1984). It is also well settled that the consolidated return regulations are unique and preempt other provisions of the Internal Revenue Code. Wolter Construction Co. v. Commissioner, 634 F.2d at 1044 (specifically subordinating the provisions of section 381 to the consolidated return regulations); Covil Insulation Co. v. Commissioner, 65 T.C. 364, 375-376 (1975). Section *106 1.1502-80, Income Tax Regs., recognizes the applicability of other sections of the Internal Revenue Code to the extent that their application is not excluded by the consolidated return regulations. Sooner Federal Savings & Loan Association v. United States, 4 Cl. Ct. 746, 751 (1984); see also First Natl. Bank in Little Rock v. Commissioner, 83 T.C. at 211. Cf. Insilco Corp. v. Commissioner, 73 T.C. 589, 596 (1979). However, here the field is preempted by the requirements specified in section 1.1502-79(a)(2), Income Tax Regs. See supra note 2. We hold that section 1.1502-79(a)(2), Income Tax Regs., controls the disposition of this case. Overseas was in existence in 1981 and did not become a member of the affiliated group immediately after its organization. The fact that Overseas was dormant in 1981 is irrelevant. Nor does the regulation provide any exception for a situation where, as is the case herein, Overseas was a continuation of the operations of petitioner so that allocation problems are not present -- an element which is emphasized by petitioner and has been utilized by some *107 courts to support the liberal application of the carryback provisions of section 381 in a nonconsolidated return context. Cf. Bercy Industries, Inc. v. Commissioner, 640 F.2d 1058, 1061-1062 (9th Cir. 1981), revg. 70 T.C. 29 (1978); Aetna Casualty & Sur. Co. v. United States, 568 F.2d 811, 819 (2d Cir. 1976). Under the foregoing circumstances, the portion of the 1984 consolidated NOL attributable to Overseas may not be carried back to petitioner's 1981 separate return year. Our conclusion finds strong support in J.A. Tobin Construction Co. v. Commissioner, 85 T.C. 1005, 1014-1016 (1985), and Electronic Sensing Products, Inc. v. Commissioner, 69 T.C. 276 (1977), where we reached the same conclusion on facts substantially the same as those present here. See also Braswell Motor Freight Lines, Inc. v. United States, 30 AFTR 2d 72-5608, 72-2 USTC par. 9675 (N.D. Tex. 1972), affd. 477 F.2d 594 (5th Cir. 1974); Jim Burch & Associates, Inc. v. Commissioner, 76 T.C. 202 (1981). *108 In view of our conclusion, we find it unnecessary to explore the question of whether the transactions herein constituted a section 368(a)(1)(C) or (F) reorganization and the applicability of section 381. Similarly, we need not further discuss Bercy Industries, Inc. v. Commissioner, supra, and Aetna Casualty & Sur. Co. v. United States, supra, heavily relied upon by petitioner, since neither of these cases involved consolidated returns. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 1.1502-79, Income Tax Regs., provides in pertinent part as follows: (a) Carryover and carryback of consolidated net operating losses to separate return years. -- (1) In general. (i) If a consolidated net operating loss can be carried under the principles of section 172(b) and paragraph (b) of § 1.1502-21 to a separate return year of a corporation (or could have been so carried if such corporation were in existence) which was a member in the year in which such loss arose, then the portion of such consolidated net operating loss attributable to such corporation (as determined under subparagraph (3) of this paragraph) shall be apportioned to such corporation (and any successor to such corporation in a transaction to which section 381(a) applies) and shall be a net operating loss carryover or carryback to such separate return year; accordingly, such portion shall not be included in the consolidated net operating loss carryovers or carrybacks to the equivalent consolidated return year. * * * * * *
(2) Nonapportionment to certain members not in existence. Notwithstanding subparagraph (1) of this paragraph, the portion of a consolidated net operating loss attributable to a member shall not be apportioned to a prior separate return year for which such member was not in existence and shall be included in the consolidated net operating loss carrybacks to the equivalent consolidated return year of the group (or, if such equivalent year is a separate return year, then to such separate return year), provided that such member was a member of the group immediately after its organization.↩